## C. L. J. Sisk et al. v. Gravity Canal Company.

### Decided October 21, 1908.

**Irrigation—Contract to Furnish Water.**

An irrigation company agreed with rice growers to use its best endeavors to furnish a quantity of water, through its canals and laterals, in addition to the natural rainfall, to properly irrigate the rice planted by the latter on their land. The land in question was rented by the planters from another, and was half a mile from the canal and not reached by any of the company's laterals; but these connected with a lateral on the premises of and owned and controlled by the planters' landlord and leading to the rented premises. The company furnished sufficient water to irrigate, through its own canals and laterals, but this failed to reach the land by reason of defects in the landlord's lateral ditch to which it was conducted. Held that, in the absence of proof that the planters knew that such lateral was the property of their landlord and not of the company or undertook any maintenance of it, the contract of the company was to use diligence to furnish the water to them on their land, either by maintaining the lateral leading thereto, or by constructing a proper one of its own and it was liable for damages caused by its failure to do so.

Appeal from the County Court of Matagorda County. Tried below before Hon. Jesse Matthews.

*W. C. Carpenter* and *J. W. Conger,* for appellants.—The contract between plaintiff and defendants bound plaintiff to furnish water through its canals and laterals to irrigate the lands cultivated by defendants, and, there being no evidence to show any understanding, express or implied, that plaintiff should not be held liable for its failure on account of defects in the Lewis & Robertson lateral, the charge was erroneous in instructing the jury that plaintiff was not liable. 9 Cyc., 577 and 578; Menard v. Sydnor, 29 Texas, 262; Linch v. Paris Lumber Co., 80 Texas, 37; 1 Texas App., C. C., 196.

*Gaines & Corbett,* for appellee.—A contract to furnish water through plaintiff's canals and laterals referred to canals and laterals then existing, and did not bind it to build a lateral to defendants' land when water had previously been conveyed through the Lewis & Robertson lateral, belonging to other parties. Gravity Canal Co. v. Sisk, 43 Texas Civ. App., 194.

RICE, Associate Justice.—In 1904 appellants rented from Lewis & Robertson a certain tract of land in Matagorda County, Texas, shown to contain 128½ acres, for the purpose of engaging in rice culture, which tract of land was situated about one-half mile from the canal of appellee, and no part thereof bordered thereon.

During the spring of said year appellants made a written contract with appellee, an irrigation company engaged in the business of furnishing water for growing rice in said county, to supply them with sufficient water for the cultivation of a crop of rice to be grown by them on said land during said year, by which contract appellee agreed to use its best endeavors to furnish a sufficient quantity of water through its canals and laterals, in addition to the natural rainfall, to properly irrigate the rice planted by appellants on said land, and appellants, in con-

sideration of the performance of said obligation on the part of appellee, promised to pay, as full compensation for the water so furnished, one-fifth of the rice grown on said land.

It was shown from the evidence that appellants, in due season, planted all of said land in rice, obtaining a good and sufficient stand thereon, and that during the growing season appellee failed to furnish and deliver upon said land a sufficient quantity of water, as occasion required, for the proper irrigation of said crop, by reason of which the rice so planted and growing died out, except about 35 acres thereof, upon which a crop was grown and harvested.

Appellants having failed to pay the appellee any portion of the crop so raised on the 35 acres, the latter brought this suit for the recovery of 200 sacks of rice, alleging same, in its original petition, to be one-fifth of said crop and of the value of two dollars per sack; or, in case it could not be found, then for its value, to wit, $400, setting up said contract and alleging a compliance therewith.

Defendants filed their answer, admitting the execution of the contract, but alleged a breach thereof by plaintiff, pleading in reconvention for damages sustained by them thereby in the sum of $800. On a trial plaintiff failed to recover, but defendants obtained verdict and judgment against it on their plea in reconvention for the sum of $600, from which an appeal was taken to the Court of Civil Appeals of the First District, and will be found reported in 43 Texas Civ. App., 194, where the judgment of the court below was reversed and remanded; but as this decision does not affect the questions arising upon this appeal, it will not be necessary to consider the rulings there made, except as hereinafter noticed.

After the case was reversed the parties amended their pleadings in the court below. The amendment on the part of plaintiff consisted chiefly in suing for the value of a less number of sacks than in its original petition, to wit, for 61 sacks of rice, valued at $3 per sack. Defendants again answered substantially as before, by admitting the execution of the contract and setting up plaintiff's breach thereof in failing to furnish the water required under its contract, with a prayer in reconvention for damages at the rate of $4 per acre for 128½ acres of said land planted by them in rice.

Upon a jury trial plaintiff recovered a verdict against the defendants for $79.60, for which judgment was entered, and from which this appeal is prosecuted.

Appellants assign error on the giving by the court, at the instance of appellee, the following charge to the jury: "At the request of plaintiff you are charged that the undisputed evidence shows that the plaintiff had no control over the lateral through which the defendants were to receive water, and that such lateral belonged to the landlord of defendants, and was under the control of such landlord, or his tenants, and that the contract made between plaintiff and the defendants provided only for the furnishing of water through the canals and laterals owned by the plaintiff. You are therefore instructed that if you believe from the evidence that the plaintiff had at all times a sufficient quantity of water in its canals and laterals adjacent to the lateral owned by the landlord of the defendants to properly irrigate the land of defendants, and that

the defendants could have obtained sufficient water at any time, but that, by reason of the condition of the lateral or of the flume across the lateral owned by the defendants' landlord, the defendants failed to procure a sufficient quantity of water to irrigate the land cultivated by them, and that such failure was not the fault of the plaintiff, then you are instructed to find against the defendant on his cross-bill; and you will also find for the plaintiff the value of one-fifth of the rice grown by defendants on the land cultivated by them during said year."

By their second proposition under said assignment appellants contend that the contract between them bound appellee to furnish water through its canals and laterals to irrigate the land cultivated by defendants, and that, there being no evidence to show any understanding, express or implied, that plaintiff should not be held liable for its failure on account of defects in the Lewis & Robertson lateral, the charge was erroneous in instructing the jury that plaintiff was not liable. And by their third proposition under said assignment they urge that, as plaintiff had bound itself to furnish water through its canals and laterals to irrigate defendants' land, and there being no understanding between them about conveying it through the Lewis & Robertson lateral, it was plaintiff's duty to build a lateral of its own through which to convey the water.

It will be seen from the contract above referred to that plaintiff bound itself to use its best endeavors to furnish water through its canals and laterals, which, together with the natural rainfall, should be sufficient to properly irrigate the defendants' land planted in rice. When appellants rented the land in question from Lewis & Robertson, it is shown that there was no agreement concerning the furnishing of water for irrigating same, Lewis remarking that the Canal Company was bound to furnish it. It does not appear from the evidence that when the contract sued upon was made that there was any other or different understanding than the one contained therein relative to how the water should be furnished by the Canal Company, nor is it shown by what means the Canal Company should deliver the water upon the land; nor was there any understanding relative to the Lewis & Robertson lateral. And, while it appears from the evidence that the land is about a half mile from the canal, and that at the time the land was rented by appellants from Lewis & Robertson there was a lateral extending from appellee's canal to this tract of land, still it is not shown that appellants had any knowledge of it, nor that they knew who owned or controlled it, nor that the Canal Company expected to deliver water through said lateral. While it is shown that the Canal Company at all times during the season had plenty of water in its canal to have watered the land in question, and that the failure to furnish a sufficient quantity to water appellants' crop was due to a leaky flume across a creek between the canal and appellants' tract of land, by reason of which much of the water was wasted before reaching the same, and that the Lewis & Robertson lateral was in bad repair, still there is nothing in the evidence to show, or tend to show, that there was any agreement, at the time of the execution of said contract, on the part of appellants, binding themselves to repair the same.

This being the state of the record, it seems to us that the only question for our determination is whether or not the contract in evidence

required plaintiff to use its best endeavors to actually deliver the water upon the land in question, or whether it could be held to have complied therewith by simply showing that the Lewis & Robertson laterals were leaky and out of repair, and that it had at all times plenty of water within its canal to water said crop. Recurring again to the contract upon which this suit must stand or fall, it will be seen that its provisions required *plaintiff to use its best endeavors to furnish a sufficient quantity of water through its canals and laterals, in addition to the natural rainfall, to properly irrigate the rice planted by the defendants on the lands described therein.* It therefore seems immaterial to us, in the construction of this contract, to determine whether appellee owned, or did not own or control, the Lewis & Robertson lateral, if, in fact, it was their duty to have furnished the water by delivering the same upon the land in question.

A similar question to the one here involved has been considered and determined in a Louisiana case, wherein a canal company sued for the recovery of water rents upon a certain tract of land planted in rice by defendants, under a contract which, as in this case, failed to specify whether or not the water was to be delivered upon the land to be irrigated, the court holding that "the question of the place of delivery was one which was entirely within the control of the parties; but, in the absence of any convention or particular agreement, it seems to us that the obligation rested upon the plaintiff to make the delivery at such a point within or upon the borders of the land to be irrigated as to enable the defendants to utilize it with the greatest facility and at the least expense." The same doctrine is stated with approval in Farnham on Waters and Water Rights, vol. 3, p. 1920.

In the absence of any understanding or agreement between the parties indicating that it was the duty of appellants to furnish laterals to connect their land with the canal of appellee, or to keep the lateral of Lewis & Robertson in repair, so as to receive and discharge waters from said canal upon their land, we are inclined to believe that it was the duty of appellee, under its contract, to use its best endeavors to deliver the water upon the premises in question in sufficient quantities to enable defendants to irrigate their crop of rice growing upon said tract of land; and if, at the time of the execution of said contract, they had not facilities for so delivering said water, it became their duty to provide the same, and a failure so to do was a breach of their contract in this respect, subjecting them to liability therefor. We therefore hold that the trial court erred in giving the charge complained of.

We do not believe the views here expressed are in conflict with the former opinion of the Court of Civil Appeals of the First District in this case. It is true that said court remarked that the contract under consideration did not, in express terms, require plaintiff to provide the means of conveying the water to the land leased by defendants, but this statement was only made incidentally, and in connection with their ruling upon the offer on the part of appellee herein to show that appellants had a contract with their landlord by which he obligated himself to keep in repair the laterals connecting the land rented by them with appellee's canal, and that the contract between appellee and appellants only contemplated that plaintiff should furnish water to defendants through this

lateral, and therefore the question of the construction of the contract was not properly before the court; nor did the court undertake to say what was or could be implied from the terms of said contract.

By their second and fifth assignments of error appellants urge that the court erred in overruling defendants' motion for new trial, because the verdict of the jury was contrary to the evidence, in that the evidence showed that defendants were damaged in a sum largely in excess of $4 per acre on the land cultivated by them by reason of the failure of plaintiff to furnish the water necessary for the cultivation of said crop of rice, as it was bound to do under said contract, and the jury allowed them no damages whatever. It appears from the evidence that the crop was planted by defendants, that it came up to a good stand, and that all except 35 acres thereof died on account of a failure to receive water at the proper time. It is further shown under the evidence that said land would have made, if it had received sufficient water in time, from fifteen to twenty sacks of rice per acre. We therefore think that appellants are right in this contention, and sustain these assignments, because they, having been damaged without any fault on their part on account of the breach of the contract by appellee, were entitled to recover whatever damages they may have sustained, if any, not to exceed $4 per acre, however, upon the land planted in rice, and the court erred in refusing to grant them a new trial.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*